JACOBS  v  DESHLER-WALLICK HOTEL CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3334. Decided Sept. 23rd, 1941.

Harry Kohn, Columbus, for plaintiff-appellant.

H. S. Kerr, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

The petition alleges and the proof establishes that the plaintiff, an invitee of the defendant, in walking through the lobby of the Deshler-Wallick Hotel at about two o'clock in the afternoon of October 16, 1939, caught her foot in the edge of a heavy rug and was caused to fall on her left shoulder and back and suffered a fracture of the large bone of the left leg. It was the claim of the plaintiff and supported by her testimony that the lobby in the hotel in the vicinity of the rug was dimly lighted and that the rug was placed upon a slippery marble surface, and by reason thereof and the further fact that the surface upon which the rug was placed was not known to the plaintiff nor visible to her, there was created a dangerous condition as a result of which she suffered the injuries of which complaint is made.

It was alleged that the condition complained of was known, or in the exercise of ordinary care should have been known to the defendant.

After the issues were joined the cause came on for trial and when the plaintiff had concluded her case in chief the trial judge upon motion of the defendant instructed a verdict in its behalf, and after the verdict was returned judgment was entered thereon. The question presented is whether or not the court erred in the action taken, and it is urged by the plaintiff that the sustaining of the motion for a directed verdict was prejudicial error.

We have been favored with rather extended briefs on behalf of counsel for both parties. Many of the authorities cited are borderline cases wherein it was necessary for courts to make nice differentiation whether or not defendants were negligent or plaintiffs were contributorily negligent. It would be of no benefit to discuss them.

The instant case, in our judgment, requires only the application of the simplest principles to determine whether or not prejudicial error is to be found upon the record.

An examination of the bill of exceptions discloses that the trial

216

judge was of opinion that no negligence was chargeable to the defendant.

If this be true, or, if it appear that the plaintiff was contributorily negligent, the judgment must be supported. If the plaintiff is entitled to go to the jury, it is upon her claim that either the rug was so dimly lighted that she was prevented from appreciating its presence and particularly the edge thereof, and that as a result her foot was caught in the edge, and/or that the defendant failed to exercise ordinary care in placing the rug upon a slippery floor as a result of which when plaintiff caught her foot in the edge of the rug it was caused to slip and thereby was a contributing factor in the injury which she suffered.

The plaintiff testifies that she knew that there was a rug in the lobby, and it may be inferred that she knew the outlines of the rug and the place where the edge thereof was lying upon the floor.

The defendant company, in placing the rug on the lobby floor was chargeable only with ordinary care.

Ordinary care is defined as such care as an ordinarily prudent person would exercise in the same or similar circumstances. What, then, in the light of common knowledge of the practice of placing rugs upon floors in homes, hotels and clubs, is the care odinarily employed?

When the defendant provided enough light that the plaintiff knew that there was a rug upon the floor, it had the right to assume that she would know and appreciate the physical qualities and proportions thereof and that it had an edge and that she would conduct herself accordingly. Of course, there was a certain potential danger of tripping on the rug, but it was only that which would confront any person who was cognizant of the fact that a rug was upon the floor.

It is likewise common knowledge that household rugs, in great numbers, possibly a majority of all rugs that are laid upon floors in homes, are placed upon finished hardwood or other slippery wood surface. This is the general and accepted practice of which the court may take judicial notice. It is not necessary that one who sees a rug be apprised of the fact that it is on a surface which may be slippery, because common knowledge should inform him that such may be the fact. Mack v Woman's Club of Aurora (Ill.) 24 N. E. 898. Again, it may be observed that so placing a rug may constitute a comparatively dangerous situation and may not be the safest practice, but the principle which has application is that it can not be said to be negligent for a hotel proprietor to do that which it is recognized ordinarily prudent persons regularly do in like situation.

It is our judgment that upon the basis of common experience there was no factual question presented which required the court to permit the jury to determine whether or not the defendant was chargeable with the failure to exercise ordinary care toward the plaintiff in the situation developed by the testimony.

Judgment affirmed.

GEIGER, PJ., and BARNES, J., concur.