BURKHEAD, APPELLANT, *v.* EESLEY ET AL., APPELLEES.*

(No. 241—Decided June 18, 1958.)

*Mr. Robert L. Hausser* and *Messrs. Fogle & Fogle,* for appellant.

*Messrs. Summers & Haupt,* for appellees.

GILLEN, J.  This appeal on questions of law is directed to the judgment of the trial court sustaining defendants' motion for judgment notwithstanding the verdict of the jury.

The amended petition alleges, in substance, that plaintiff, a woman seventy years of age, had been employed by defendants, from time to time, as a baby sitter and that she was so employed on October 9, 1955; that about 8:30 p. m. on that day, during the course of her employment, she was called by one of the children to the child's bed in an upstairs bedroom; that, as she approached the child's bed, she slipped on a small rug and was

---

*Motion to certify the record overruled, December 24, 1958.

thrown to the floor; that, as a direct and proximate result of this fall, she suffered the injuries and loss described in the petition; that the injuries and damages suffered by plaintiff were caused solely and proximately by the negligence and carelessness of the defendants in that the defendants, a short time prior to leaving the plaintiff alone in the house, had polished, with wax, the floor of the bedroom where the plaintiff was to attend the child in his bed, had placed a small cloth rug on the resulting sleek surface and had left the home without first notifying the plaintiff of the unsafe condition of the slippery floor; and that the floor had never before been so waxed and polished so as to leave a slippery surface as it existed on the evening when the accident occurred, and plaintiff had no reason to know of the unusual danger that lurked in the course of her employment, nor had she received any warning of such unsafe condition.

Defendants filed separate answers denying negligence on their part, and specifically raised the issue of contributory negligence.

The issues were submitted to a jury resulting in a verdict for plaintiff in the sum of $7,500. Defendants' motion for a directed verdict at the close of all the evidence was overruled. Thereafter, the trial court sustained defendants' motion for judgment notwithstanding the verdict.

The errors assigned are:

1. The judgment of the Court of Common Pleas, entered on July 29, 1957, in favor of the defendants, notwithstanding the verdict of the jury for the plaintiff, was contrary to the applicable rules of law.

2. The judgment of the Court of Common Pleas in favor of the defendants is contrary to the evidence properly admitted.

Most of the facts in the case are not in dispute. Plaintiff worked as a baby sitter for numerous families. She had been employed as a baby sitter by defendants, from time to time, over a period of two and a half years. She was acquainted with the premises where defendants resided. A short time prior to the accident, defendant Mrs. Eesley, had waxed the hardwood floor in her son's upstairs bedroom and had placed a scatter rug, 2½ by 5 feet in size, on the floor by the side of her son's bed. Johnson's wax had been used in the process, and it is admitted

by defendants that waxing the floor in that manner caused the surface to be smooth and slippery. They had not told plaintiff that the floor had been waxed although she knew that Mrs. Eesley had been cleaning house a short time prior to the accident. It is admitted that Mrs. Eesley was a good housekeeper. In this connection plaintiff testified as follows:

"Q. Now as relating to Charles' room, Mrs. Burkhead, we have stated that you have been in and out of there many times over the period that you worked there? A. Yes.

"Q. Had you observed over the period of the years that you had worked there and after that room was fixed up that Mrs. Eesley did wax that floor whenever she did her housecleaning? A. I knew that she did—when she did her housecleaning she waxed her floors.

"Q. And you knew at this time she had been doing some housecleaning? A. I knew she had been doing housecleaning—yes.

"Q. So, actually, Mrs. Burkhead, isn't it a fact that there was nothing unusual about the condition of that room as compared to the way it had been from time to time to your knowledge after housecleaning had been done and floor waxed? A. I didn't know what room she had been cleaning; I didn't know that for sure. I knew she had been doing some housecleaning.

"Q. Did you ever slip on that rug before? A. No. In fact, I never slipped on a rug before.

"Q. Never did? A. No, I never did.

"Q. You have been in that room many times? A. Yes."

On direct examination plaintiff described the accident as follows:

"Q. Will you describe your entry into the room? First of all, Mrs. Burkhead, was the light out or was it on when you went into the room? A. The light was out. They have a nice hall light and it was very bright in the room, and I just walked into his bedroom and over to the bed and slipped on the rug."

Plaintiff did not allege in her petition that the material used in waxing the floor was improper or that it had been applied in an unworkmanlike manner. The evidence adduced did not show that the Johnson's wax used by defendants in polishing the floor was defective or that it had been improperly applied. It is

held in the case of *Boles* v. *Montgomery Ward & Co.*, 153 Ohio St., 381, 92 N. E. (2d), 9, that:

"3. The owner or operator of a store may treat the floor of his establishment with any dressing suited to the purpose and if such dressing is applied in a customary manner and without the intervention of negligence, no liability is incurred to a patron who thereafter slips and falls on the floor."

See, also, *J. C. Penny Co., Inc.*, v. *Robison*, 128 Ohio St., 626, 193 N. E., 401, 100 A. L. R., 705.

The mere fact that a hardwood floor in a residence has been waxed and that a loose rug had been placed thereon is not sufficient to establish negligence. It must appear that the material used is defective or that the material has been improperly applied. It was held in the case of *Bonawitt* v. *Sisters of Charity of St. Vincent's Hospital*, 43 Ohio App., 347, 182 N. E., 661, that:

"2. Owner may wax or oil floor in customary manner without incurring liability to one slipping and falling thereon, unless negligent in materials or method used.

"3. Owner's duty is to exercise ordinary care for safety of those who have occasion to walk on his floor."

The foregoing seems to be the general rule applicable to slippery floors. See, also, *Jacobs* v. *Deshler-Wallick Hotel Co.*, 36 Ohio Law Abs., 214.

In the case at bar it was necessary for plaintiff to produce some credible testimony tending to prove some act of negligence attributable to defendants. The trial court could not permit the jury to indulge in conjecture or speculation. In passing upon the motion for judgment notwithstanding the verdict the court was required to consider plaintiff's evidence in its most favorable light. An examination of the record does not disclose any evidence to prove negligence on the part of defendants. It does not show that the material used or the method of applying it in waxing the floor was improper in any degree. Under such circumstances it was incumbent upon the trial court to grant the motion for judgment notwithstanding the verdict. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

COLLIER, P. J., and RADCLIFF, J., concur.