STERLING, Appellant,

v.

PENN TRAFFIC COMPANY, d.b.a. Big Bear, Appellee.

[Cite as *Sterling v. Penn Traffic Co.* (1998), 129 Ohio App.3d 809.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–411.

Decided Sept. 17, 1998.

**810**

*Lancione Law Offices* and *Robert M. Lancione,* for appellant.

*Berlon & Timmel* and *George A. Lyons,* for appellee.

---

BOWMAN, Judge.

At approximately 6:45 a.m., on March 6, 1996, plaintiff-appellant, Judith A. Sterling, was shopping at the Big Bear store located in the Columbus Square Shopping Center. As she was walking between the office and the produce department, she fell and sustained a fracture to both her left elbow and her right ankle. Appellant noticed three depressions in the tile floor which appeared to be approximately the size of a coffee mug in diameter. Appellant stated that the

depressions appeared to be more slippery than the rest of the floor. In an interrogatory, appellee, Penn Traffic Company, d.b.a. Big Bear, answered that the depressions were possibly made over a number of years by the leg floor pads from a produce stand.

Appellant filed an action against appellee claiming damages. Appellee filed a motion for summary judgment. The trial court granted the motion, finding that appellant had failed to produce any evidence establishing that the deviations in the floor were substantial, or more than two inches in depth. The trial court also found that appellant had failed to offer any evidence establishing the existence of any attendant circumstances which would tend to increase the danger of the depressions on which appellant slipped. Appellant filed a notice of appeal and raises the following assignment of error:

"Assignment of Error:

"The trial court erred, as a matter of law, in granting defendant's motion for summary judgment on the basis that the minor deviation rule applied to depressions in the floor surface of retail premises which depressions were caused by the retailer."

By the assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment on the basis that the minor deviation rule applied to the depressions in the floor surface that were caused by the retailer. Appellant raises two issues by the assignment of error, including (1) whether a factual issue exists as to whether the defect was minor, and (2) whether the trial court erred in relying upon appellee's description of the floor based upon an examination of the floor twenty months after the fall.

■ In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 151, 66 O.O.2d 311, 311– 312, 309 N.E.2d 924, 925.

■ In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court of Ohio stated that the moving party, on the ground that the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential

elements of the nonmoving party's claim. Once the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or nonexistence of genuine issues of fact.

 Shopkeepers owe a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. However, a business owner is not an insurer of a customer's safety. The mere fact that a person slipped and fell on a floor is not sufficient to establish negligence. *Burkhead v. Eesley* (1958), 107 Ohio App. 519, 9 O.O.2d 55, 160 N.E.2d 297. There must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall. *J.C. Penny Co., Inc. v. Robison* (1934), 128 Ohio St. 626, 1 O.O. 299, 193 N.E. 401, paragraph four of the syllabus.

 Appellee relies upon the affidavit of Robert W. Flack, a retired elevator installer, trained in precise measurements. In his affidavit, Flack stated that he visited the Big Bear store twice and examined the floor for depressions. He obtained two depictions of the only depressions in the tile in that area on November 19, 1997. One depiction is a plaster-of-Paris molded cast and the second depiction is a diagram made on a sheet of paper from the contour impression transferred from the floor to a contour gauge pressed into the depressions and copied onto paper. Flack stated that the deepest depression measured no more than one-sixteenth of an inch in depth and approximately two and three-fourths inches across. He offered his opinion that the depressions in the tile were not deep enough to snag the heel of a flat shoe, or register an imperfection in the floor for a foot and shoe size of six or bigger.

Civ.R. 56(E) provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

 To support or oppose a motion for summary judgment, an affidavit must set forth specific facts, based on personal knowledge, that would be admissible in evidence. *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 4 OBR

155, 446 N.E.2d 454. Flack's affidavit does not meet this standard. Although the statements are based on personal knowledge since he visited the store twice, they would not be admissible as such evidence pertains to conditions occurring twenty months after appellant fell. *Easley v. Meijer, Inc.* (Mar. 31, 1997), Franklin App. No. 96APE07–878, unreported, 1997 WL 142713. Also, appellee did not identify Flack as an expert and he could not express his opinion as such.

This case is similar to *Easley.* In *Easley,* the appellant submitted the affidavit of an investigator who observed the area in which appellant fell and gave an opinion as to the cause of the fall; however, the investigator's observation occurred eighteen months after appellant fell. This court found that the affidavit did not constitute admissible evidence and concluded that appellant had failed to meet her burden in responding to the appellee's motion for summary judgment. The same is true in this case because appellee has not demonstrated that the conditions were similar. Thus, Flack's affidavit does not constitute admissible evidence, and the trial court erred in granting appellee's summary judgment motion based upon the affidavit. Since summary judgment was inappropriate, we need not address the other issue appellant raised. Appellant's assignment of error is well taken.

For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed*
*and cause remanded.*

DESHLER, P.J., and MASON, J., concur.