DECISION
On January 20, 1996, plaintiffs-appellants, Robert and Bertha Shepherd, were walking on a sidewalk in front of Mount Carmel Hospital emergency room when Bertha fell and sustained an injury to her left ankle. They had just exited their son's car and were walking to the emergency room because Robert was experiencing chest pains. Appellants alleged that salt pellets scattered on the sidewalk caused Bertha to fall. A security guard helped Bertha into the emergency room.
Appellants filed an action against appellee, Mount Carmel Health, dba Mount Carmel Medical Center, alleging appellee had created and/or had constructive knowledge of a dangerous condition and negligently failed to remedy or warn of such dangerous condition, breach of contract to provide safe premises and breach of express and implied warranties seeking damages for Bertha's injuries and a loss of consortium claim of Robert. Appellee filed a motion for summary judgment which the trial court granted. Appellants have filed a timely notice of appeal and raise the following assignment of error:
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE, AS GENUINE ISSUES OF MATERIAL FACT EXISTED.
To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ
(1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
In their memorandum contra to appellee's motion for summary judgment, appellants agreed that the issue in this case is appellee's alleged negligence. To prevail upon their claim for negligence, appellants were required to prove by a preponderance of the evidence that appellee owed them a duty of care, that it breached that duty and that the breach proximately caused their injuries. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285.
Under the law of negligence, a defendant's duty to a plaintiff depends on the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645. Appellants and appellee agree that appellants were business invitees of appellee. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. However, a business owner is not an insurer of a customer's safety.
An owner or occupier of property has a duty to warn a business invitee of unreasonably dangerous latent conditions that a business invitee cannot reasonably be expected to discover. A latent danger is "a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination." Potts v.Smith Constr. Co. (1970), 23 Ohio App.2d 144, 148. Premises are not considered unreasonably dangerous where the defect is "so insubstantial and of the type that passersby commonly encounter."Baldauf, at 49.
An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers, at 644, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The rationale behind the doctrine is that the open and obvious nature of the danger itself serves as a warning. Such a danger is one that is neither hidden nor concealed from view nor non-discoverable by ordinary inspection. Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50-51.
In this case, there is no evidence that salt pellets on the sidewalk in January in Columbus, Ohio constitute a latent danger but, rather, salt pellets in January, constitute a commonly encountered substance. Bertha testified in her deposition that she had no trouble seeing the salt pellets once she was aware of them and that she had not been paying attention to the sidewalk before she fell. (Depo. 18; 32.) She also stated that she had encountered salt pellets or sand on sidewalks in previous years. (Depo. 18.) Even if the salt pellets were considered to constitute a danger, the "open and obvious doctrine" would negate any duty of appellee to warn of its danger. Bertha testified that the salt pellets were white and there were approximately six piles of pellets in the half-block area, and the piles were approximately four inches in diameter and one inch tall. (Depo. 15-16.) She clearly saw the salt pellets after she fell because they were "obvious." (Depo. 32.) Robert testified that he saw the salt pellets as he approached them. (Depo. 9.) Thus, the salt pellets do not constitute a latent danger for which appellee had a duty to warn invitees and appellants have failed to prove the first branch of negligence.
The trial court also found that appellants had failed to present any evidence that the salt pellets were the cause of Bertha's fall. The mere fact that a person slipped and fell is not sufficient to establish negligence. Burkhead v. Eesley (1958),107 Ohio App. 519. There must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall.The J.C. Penny Co., Inc. v. Robison (1934), 128 Ohio St. 626, paragraph four of the syllabus. "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp.Assn. (1989), 65 Ohio App.3d 65, 67-68, citing Cleveland AthleticAssn. Co. v. Bending (1934), 129 Ohio St. 152. A finding of negligence is precluded when the plaintiff, either personally or with the use of outside witnesses, cannot identify what caused the fall. Stamper.
In this case, Bertha testified that she did not know what caused her fall. (Depo. 34.) In fact, when asked if she had slipped on the salt pellets, she replied, "I would say this here was the cause of my fall, the pellets." (Depo. 34.) When asked to explain how she fell, she replied that the only way she could explain it was the salt pellets were "so small and so slippery" that they caused her to fall. (Depo. 34.) Robert did not see her fall and did not have any trouble stepping on the salt pellets. (Depo. 7; 17.) Bertha also testified that she did not notice anything unusual about the salt pellets and they did not roll under her feet, nor were they melted. (Depo. 49-50.) Thus, the trial court found that appellants did not present evidence other than speculation concerning causation of the fall. We agree.
Appellants have failed to present evidence concerning two of the three prongs of negligence. First, appellants did not demonstrate that appellee had a duty to eliminate the salt pellets because they constituted a hazardous condition, and appellants also failed to present evidence that appellee had a duty to warn appellants about the salt pellets since they were an open and obvious condition. Secondly, appellants failed to present evidence that the salt pellets were the cause of Bertha's fall. Thus, appellants' claim for negligence must fail and appellants' assignment of error is not well-taken.
For the foregoing reasons, appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and BRYANT, JJ., concur.