DECISION
Plaintiff-appellant, Dr. Kenneth J. Kosovich, appeals a judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees, the Ohio Dental Association ("ODA"), the Greater Columbus Convention Center for Community Urban Redevelopment ("Convention Center") and the George E. Fern Company ("Fern Company"). We affirm.
This action arises from a slip-and-fall incident that occurred in September 1994. Dr. Kosovich, then a thirty-seven-year-old dentist, was attending an ODA conference at the Convention Center in Columbus. Kosovich alleged that he slipped on the floor and fell onto his right shoulder in the area outside of the display halls. Specifically, Kosovich contended that he fell as he stepped from a carpeted area onto the concrete floor. He alleges that, as a result of his injuries, he is no longer able to practice dentistry. Kosovich filed this lawsuit against ODA (the conference sponsor), the Convention Center (the owner of the building), the Fern Company (installer of carpet located in the Convention Center) and the Florsheim Shoe Company (manufacturer of the shoes Kosovich was wearing when he fell).
In their joint motion for summary judgment, ODA and the Convention Center argued that they were entitled to judgment as a matter of law because Kosovich failed to offer evidence that a negligent act or omission on the part of these appellees caused him to fall. In a separate motion, the Fern Company argued that it was entitled to summary judgment because: (1) it was neither the owner nor occupier of the premises; (2) Kosovich failed to offer evidence that the carpet installed by the Fern Company was defective in any way; and (3) the alleged peril that caused Kosovich to fall was open and obvious.
In granting these motions, the trial court concluded that Kosovich offered no evidence of a particular defect or irregularity in the floor or the carpet. The court refused to consider the affidavit of Kosovich's expert because the expert examined the floor nearly two years after Kosovich fell and the expert admitted that the condition of the floor had changed. The trial court also declined Kosovich's request to apply the doctrine of res ipsa loquitur and infer that appellees' negligence caused Kosovich to fall.
On January 19, 2001, Kosovich dismissed with prejudice all claims against the Florsheim Shoe Company, clearing the way for this appeal as to claims against ODA, the Convention Center and the Fern Company.
On appeal, Kosovich asserts the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT AN AFFIDAVIT OF A WITNESS IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT IS NOT DISQUALIFIED AS "NOT BEING MADE ON PERSONAL KNOWLEDGE" AS REQUIRED BY CIV.R. 56(E), WHERE THE WITNESS RELIES, IN PART UPON THE PERSONAL KNOWLEDGE OF ANOTHER WITNESS AS EMBODIED IN ANOTHER AFFIDAVIT IN OPPOSITION TO THE SAME MOTION FOR SUMMARY JUDGMENT, AS THE FACT INVOLVED HAS ALREADY BEEN ESTABLISHED FOR SUMMARY JUDGMENT PURPOSES.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THE PORTION OF THE AFFIDAVIT OF MECHANICAL ENGINEERING EXPERT DUNHAM THAT THE SURFACE WAS UNSAFE AS IT WAS BASED UPON PERSONAL KNOWLEDGE.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT THE BURDEN OF PROOF IS ON THE MOVING PARTY TO PROVE THE CONDITION OF THE SURFACE AT THE TIME OF THE FALL WAS DIFFERENT FROM SUCH CONDITION AT THE TIME OF INSPECTION.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED IN HOLDING THAT THE LAPSE OF TIME BETWEEN THE DATE OF THE INJURY AND THE DATE OF THE INSPECTION OF THE SURFACE, PER SE, DISQUALIFIED THE TESTIMONY OF APPELLANTS' [sic] EXPERT.
ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED IN HOLDING AS A MATTER OF LAW THAT THE CONTROLLER OF THE SURFACE CANNOT BE HELD LIABLE IF THERE IS NO EVIDENCE THAT THE FLOOR WAS SLIPPERY DUE TO A HAZARDOUS CONDITION SUCH AS OIL, WAX, A FOREIGN SUBSTANCE, OR AN IRREGULARITY, OR THAT THE CARPETING WAS TORN OR BURNED INTO AN OBSTRUCTION.
ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE DISTRACTION THEORY.
ASSIGNMENT OF ERROR NO. 7
 THE TRIAL COURT ERRED IN HOLDING THAT THE PERIL WHICH CAUSED APPELLANT TO FALL WAS OBVIOUS.
ASSIGNMENT OF ERROR NO. 8
 THE TRIAL COURT ERRED IN DETERMINING THAT THE DOCTRINE OF RES IPSA LOQUITUR DID NOT APPLY.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
Appellant's first, second, third and fourth assignments of error all pertain to the admissibility of the affidavit of Hal Dunham, appellant's proffered engineering expert. Appellant argues that the trial court erroneously excluded the affidavit, in which Dunham opined, as to the friction coefficient of the floor. We disagree.
Civ.R. 56(E) provides:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * *
To support or oppose a motion for summary judgment, therefore, an affidavit must set forth specific facts, based on personal knowledge, that would be admissible in evidence. Tomlinson v. Cincinnati (1983),4 Ohio St.3d 66, 67. Dunham's affidavit does not meet this standard.
In his affidavit, Dunham states that "Dr. Kosovich indicated to me that the condition of the floor in September of 1994, when he fell, was considerably more slippery than the floor which I was inspecting in 1996." Dunham opined that "based upon the accuracy of the facts as disclosed to us by Dr. Kenneth J. Kosovich," the coefficient of friction at the time of the accident was below the safety standard. In support of his argument that Dunham's testimony is admissible, appellant cites to Marshall v. Plainville IGA (1994), 98 Ohio App.3d 473. Appellant notes that the Marshall court allowed testimony from a civil engineering expert who examined a drainage trough two years after a pedestrian slipped and fell on an ice accumulation.
Contrary to appellant's argument, Marshall is not instructive. The Marshall court held that, in spite of the time lapse, the testimony was properly admitted because the record did "not suggest that [the] trough had changed" since the pedestrian's fall. Id. at 476. Unlike the situation in Marshall, in the instant case both appellant and his expert contend that the condition of the floor at issue had changed from the time of the accident in 1994 to the time appellant's expert evaluated the floor. Moreover, appellant's expert's opinion is based on the friction between the floor and the shoe appellant was wearing when he fell in 1994. However, appellant had disposed of the shoe, further exacerbating the change in circumstances between the fall and the expert's examination.
The instant case is more similar to Sterling v. Penn Traffic Co. (1998), 129 Ohio App.3d 809, in which this court concluded that an affidavit of plaintiff's proffered expert was properly excluded. The Sterling affiant had twice examined a depression in a tile floor where the plaintiff fell, but his examinations occurred twenty months after the plaintiff fell. Noting that the plaintiff "ha[d] not demonstrated that the conditions were similar" at the time of the fall and the times of the examinations, the Sterling court concluded that the affiant's statements did not meet the requirements of Civ.R. 56(E). Id. at 813. See, also, Easley v. Meijer, Inc. (Mar. 31, 1997), Franklin App. No. 96APE07-878, unreported (holding that affidavit of an investigator who observed an area where a plaintiff fell was inadmissible because the investigator observed the area eighteen months after the fall).
Appellant's first, second, third and fourth assignments of error are overruled.
By his fifth assignment of error, appellant contends that the trial court erred when it concluded that summary judgment against appellant was warranted because appellant did not offer evidence of the cause of his fall. We disagree.
"To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67-68. "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Id. at 68. Negligence cannot be established by the mere fact that a person slipped and fell. Shepherd v. Mount Carmel Health (Dec. 2, 1999), Franklin App. No. 99AP-197, unreported.
In his deposition, appellant was unable to identify a specific defect in the carpet that would have contributed to his fall:
 Q. * * * Is it true that you, sir, did not trip on a bubble or a wrinkle or a torn spot or anything like that in the carpeting itself?
A. I don't believe so. I don't know.
 Q. Was there any problem with the carpeting itself so far as you recall?
A. I do not remember.
 Q. Was it coming loose at the edging where they taped it down or anything of that sort? Do you recall?
A. No, I do not.
* * *
Q. When you took the step off the carpet
A. Yes, sir.
 Q. I know you were thinking about other things like people and Jeff with books
A. Jeff's concerns, yes.
 Q. with being civil and polite, but did you know you were making your turn wide and actually going to step off the carpet when you did it?
A. I don't remember.
 Q. All right. You were aware before you stepped off the carpet that there was an area that was uncovered by carpet between the carpet and the wall?
A. Yes, I did.
 Q. And there was nothing obstructing your view of that area?
 A. We're talking a split-second decision in what I saw. [Kosovich Depo. at 145-147.]
Similarly, appellant failed to identify a specific defect in the cement floor, which he examined the day after the fall:
 Q. Do you remember, sir, you told us earlier that you came back the next day
A. Yes.
 Q. and you tested it with your foot and then you tested it with your hand?
A. Yes, sir.
Q. Could you show us how you did that, please.
 A. Got down this is more course. It's not as smooth or shiny, and I did go like this. I didn't feel any residue.
* * *
 A. I didn't feel any residue. When I was down there, I was looking for oil, powder, anything; but it was just clean, polished cement. [Kosovich Depo. at 140.]
Appellant submitted an affidavit in opposition to appellees' motions for summary judgment, in which he offered the following clarification regarding the cause of his fall:
 Of course, I was looking at the wares on display as I transversed up the aisle. While I do not recall having seen anyone that I know I, of course, I was on the lookout for former classmates or others I had not seen in sometime. There was a great deal of noise from the tumult of large numbers of people in a single room, milling about, talking amiably, and the like. I was, of course, concerned to make sure that I did not lose sight of the bellhop, who was taking the books I had purchased to my hotel room for me. With this type of atmosphere, I was not concentrating on the footing, as I might otherwise have been. While I do not recall, to an absolute degree of moral certainty, whether there was a bubble, wrinkle, or torn spot in the carpet, as I indicated, I do not believe I tripped over any such thing, if in fact there was anything along those lines. I can state, unequivocally, that had there been a tear or bubble which played any role in the fall, I certainly would have remembered it and nothing like that occurred.
Appellant further stated:
 I am saying that I fell because the co-efficient friction [sic] between the metal heel inserts in the shoes manufactured and sold by Defendant, Florsheim, were unsafe on the cement floor surface at the Convention Center. This situation was intensified by the juxtaposition, without warning, of carpet which gave firm footing and the cement floor. * * * This situation was even further compounded by the circus-like atmosphere that pervaded the Convention Center at the time of the fall.
Even with his clarification, appellant has offered no evidence that any defect or irregularity in the floor or the carpeting caused appellant's fall. Appellant essentially theorizes that, because he fell, the floor was unsafe, at least for the type of shoes he was wearing. We conclude that, without specific evidence, this circular reasoning is inadequate as a matter of law to establish negligence on the part of ODA, the Convention Center or the Fern Company. Furthermore, although appellant speculates about the coefficient of friction, he offers no admissible evidence regarding the coefficient of friction of the floor at the time at issue. Appellant's fifth assignment of error is overruled.
By his sixth assignment of error, appellant argues that he was distracted by the commotion in the exhibit hall, which was lined with more than one hundred exhibitors' booths. He contends that the trial court erroneously failed to take into account appellant's natural tendency to direct his attention away from his footing.
Appellant's theory is inapposite. As we noted in Brustion v. Chong-Hadaway, Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701, unreported, "attendant circumstances" such as the atmosphere in the exhibition are relevant in a slip-and-fall action when they divert the attention of a pedestrian and "significantly enhance the danger of the defect." As we have already concluded, appellant failed to establish a defect in the floor or carpet. Accordingly, appellant's sixth assignment of error is overruled.
By his eighth assignment of error, appellant argues that the trial court erroneously failed to apply the doctrine of res ipsa loquitur. We disagree, as we conclude that the doctrine is inapplicable to this case.
The res ipsa loquitur doctrine is an evidentiary rule that permits a trier of fact to infer negligence circumstantially upon a showing that: (1) the instrumentality that caused the harm was under the exclusive control of the defendant; and (2) the event that caused the harm was not of the type of event that would normally occur in the absence of defendant's negligence. Kniskern v. Somerford Twp. (1996),112 Ohio App.3d 189, 198. Whether sufficient evidence has been established to warrant application of the rule is a question of law left to the trial court. Hake v. Wiedemann Brewing Co. (1970),23 Ohio St.2d 65, 67.
We conclude that the trial court correctly declined to apply the res ipsa loquitur doctrine to this case, as neither prong of the test has been established. First, appellant failed to produce evidence demonstrating with any certainty the cause of the accident and has, therefore, failed to show that the instrumentality causing the injury was under the exclusive control of appellees. Appellant admits that he is not exactly certain why he fell. He blames the fall, at least in part, on slippery shoes. Second, a fall such as the one at issue could occur without negligence on the part of ODA, the Convention Center or the Fern Company. Accordingly, appellant's eighth assignment of error is overruled.
By his seventh assignment of error, appellant argues that the trial court erred in holding that the peril that caused appellant's fall was open and obvious. The trial court did not, however, base its decision on the open and obvious doctrine, holding instead that summary judgment was warranted because appellant failed to adequately identify or explain the reason for his fall. Because it is not ripe for our consideration, we overrule appellant's seventh assignment of error.
For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, P.J., and DESHLER, J., concur.