While I concur in judgment, I am unable to agree with the reasoning of the majority and write separately. Although I would exclude the affidavits of appellant's expert, Charles Buckman, I believe that genuine issues of material fact elsewhere in the record preclude resolution by summary judgment.
With regard to the affidavits, I agree with the trial court that Buckman was not qualified to render expert opinions to "a reasonable degree of engineering probability," as there is no indication that Buckman has the requisite knowledge, skill, experience, training, or education to render engineering opinions. See Evid.R 702(B). I agree with the majority of this court, however, that Buckman's curriculum vitae demonstrates that he has significant experience in the areas of elevator inspection and elevator safety. A fair reading of Buckman's affidavits indicates he is basing his opinions on his years of experience, education and training in the elevator industry and not as an engineer. I would disregard the portions of Buckman's affidavits that purport to offer engineering opinions, and conclude that Buckman is otherwise competent to testify as an expert regarding elevator inspection and safety.
Notwithstanding Buckman's qualification as an expert witness, however, I would exclude the affidavits because the evidence does not establish that the elevator was in a similar condition when Buckman examined it as it was at the time of the malfunction.
In Sterling v. Penn Traffic Co. (1998), 129 Ohio App.3d 809, 813, this court concluded that an affidavit of plaintiff's proffered expert was properly excluded because the plaintiff "ha[d] not demonstrated that the conditions were similar" at the time of the accident and the time the expert examined the allegedly defective tile floor twenty months later. See, also, Kosovich v. The Florsheim Shoe Co. (Dec. 4, 2001), Franklin App. No. 01AP-434, unreported (holding that affidavit of proffered engineering expert who examined area nearly two years after accident was inadmissible, as the condition of the area had changed over time); Easley v. Meijer, Inc. (Mar. 31, 1997), Franklin App. No. 96APE07-878, unreported (holding that affidavit of an investigator was inadmissible because the investigator observed the area eighteen months after the accident).
For the purpose of forming his opinion, Buckman inspected the elevator on November 19, 1999, more than thirty-three months after the malfunction at issue. There is no evidence in the record that the condition of the elevator was the same at the time of the malfunction as it was at the time of Buckman's inspection. In fact, Buckman admits that "the nylon door drive block assembly and the drive vane had been misaligned for an indeterminate length of time."
Buckman's second affidavit also states that a cold solder of a FR-1 relay caused the elevator to drop quickly but his opinion was based on a "[r]ecent discovery [that] revealed that on elevator No. 6 there was an FR-1 relay `cold solder' that ultimately had to be repaired." There is nothing in Buckman's affidavit, however, to indicate when the cold solder was made in relation to the incident in which appellant was injured. The sketchy elevator service records are likewise inadequate to demonstrate that the condition of the elevator was the same at the time of the malfunction and the time of the inspection. On this basis, I would overrule appellant's fourth assignment of error as moot and overrule the second, fifth and seventh assignments of error and exclude Buckman's affidavits.
Even excluding Buckman's affidavits, however, I would conclude that issues of material fact preclude resolution of this case by summary judgment. Appellees contend that the elevator malfunction was caused by a power sag. Appellant's description of the malfunction, however, does not correspond with the power sag explanation which would have caused the elevator to drop more slowly. Rather, appellant put forth, in part, the theory that a cold solder would cause the elevator to drop quickly. Robert Ashmore, a Schindler employee, and Robert Lauer, appellees' expert, both testified by deposition that a cold solder would produce symptoms more in keeping with those described by appellant. Construing this evidence in the light more favorable to appellant, I would conclude that the record contains issues of material fact. Accordingly, I would sustain appellant's first assignment of error.
For the foregoing reasons, I would sustain appellant's first assignment of error, and overrule appellant's second, fifth and seventh assignments of error, and overrule as moot appellant's third, fourth and sixth assignments of error.