DECISION
{¶ 1} Plaintiff-appellant, Charles R. Evans, appeals from a judgment of the Ohio Court of Claims which granted summary judgment and disposed of other motions in favor of defendant-appellee, the Ohio Supreme Court.
 {¶ 2} Appellant filed a complaint in the Court of Claims alleging, inter alia, that the Chief Justice of the Ohio Supreme Court negligently assigned Judge Stephen A. Yarbrough to temporarily sit as judge in the Franklin County Court of Common Pleas, Division of Domestic Relations. Appellant's cause arose out of Judge Yarbrough's finding of contempt against appellant during divorce proceedings in December 2000. It is undisputed that appellant did not appeal from either the finding of contempt or the final divorce decree.
 {¶ 3} In its June 10, 2002 decision, the trial court rejected appellant's claims that the actions of the chief justice were not protected by judicial immunity, and that Judge Yarbrough was required to take an oath of office immediately prior to presiding as a judge on temporary assignment. The court additionally found that it lacked the jurisdiction to review specific judgments made by Judge Yarbrough but, rather, could only address whether he was acting in his judicial capacity. The court also denied appellant's motion for leave to supplement his summary judgment motion.
 {¶ 4} Appellant now assigns five errors:
 {¶ 5} "I. The trial court erred when it asserted that Chief Justice Moyer was acting in his judicial capacity and not in his administrative capacity pursuant to the appointment/assignment of former judges to active duty.
 {¶ 6} "II. The trial court erred when it denied Mr. Evans' motion to supplement discovery pursuant to Mr. Evans' memorandum contra to the Supreme Court of Ohio's motion for summary judgment and cross-motion for summary judgment where defendant's admissions were filed one day prior to the trial court's journal entry granting the Supreme Court of Ohio's motion for summary judgment.
 {¶ 7} "III. Trial Judge Fred Shoemaker had an absolute economic conflict of interest pursuant to his employment by the Supreme Court of Ohio and upon appointment/assignment by Chief Justice Moyer to sit in judgment on a case where defendant was his direct employer.
 {¶ 8} "IV. The trial court erred when it granted defendant's motion for summary judgment where Mr. Evans filed affidavit evidence of an independent witness on an issue that Mr. Evans bears burden to produce at trial.
 {¶ 9} "V. The trial court erred when it denied Mr. Evans' cross-motion for summary judgment where the express state and federal constitutional prerequisite of an oath of office is mandatory and cannot be waived by or for any elected jurist or an eligible former jurist appointed/assigned to active status by the Chief Justice of the Supreme Court of Ohio."
 {¶ 10} For the reasons which follow, we affirm the judgment of the trial court, albeit on a different basis.
 {¶ 11} Pursuant to Civ. R. 56(C), summary judgment may be granted if a court determines that there is no genuine issue as to any material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. A motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production, and for which the moving party has met its initial burden. Dresher v. Burt (1996), 75 Ohio St.3d 280. The issue presented by a motion for summary judgment is not the weight of the evidence, but, whether, there is sufficient evidence of the character and quality set forth in Civ. R. 56 to show the existence or non-existence of genuine issues of fact. Sterling v. Penn Traffic Co. (1998),129 Ohio App.3d 809, 812.
 {¶ 12} Appellant's fifth assignment of error is dispositive and will be addressed first. Appellant argues that the trial court erred in concluding that Judge Yarbrough was not required to have been given an additional oath of office upon his assignment to active duty. Appellant claims the lack of this oath deprived Judge Yarbrough of his judicial immunity and is grounds for a negligence claim against the state.
 {¶ 13} Section 7, Article XV of the Ohio Constitution provides: "Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the Constitution of the United States, and of this state, and also an oath of office." R.C. 3.23 provides that "[t]he oath of office of each judge of a court of record shall be to support the constitution of the United States and the constitution of this state, to administer justice without respect to persons, and faithfully and impartially to discharge and perform all the duties incumbent on him as such judge, according to the best of his ability and understanding."
 {¶ 14} The parties do not dispute that Judge Yarbrough was not administered an oath upon his temporary assignment to the domestic relations court. Assuming without deciding that the oath taken by Judge Yarbrough at the beginning of his term of service had expired and that he was required to take an additional oath upon being temporarily assigned, such omission cannot be a basis for a collateral negligence action against the state. Challenges involving an erroneous exercise of jurisdiction must be raised through direct appeal in the underlying case. State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, citing In the Matter of Waite (1991), 188 Mich. App. 189, 200. In Clark v. Wilson (July 28, 2000), Trumbull App. No. 2000-T-0063, an inmate petitioned for a writ of habeas corpus on the grounds that he had been sentenced by a trial judge who was never properly assigned to his case. In denying the writ, the Eleventh District Court of Appeals stated:
 {¶ 15} "* * * The courts of this state have consistently held that the failure to transfer a case properly does not affect a court's jurisdiction over a case. Accordingly, such an error does not render any ensuing judgment in the case void, but only has the effect of rendering any subsequent judgment voidable. See, e.g., State v. Pecina (1992),76 Ohio App.3d 775, 778, * * *.
 {¶ 16} "The distinction between `void' and `voidable' is crucial. If a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally. Conversely, if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits. * * *" (Emphasis sic.)
 {¶ 17} There was no question that the Franklin County Common Pleas Court, Division of Domestic Relations, had subject matter jurisdiction over appellant's divorce, and jurisdiction over the parties in that case. The lack of either of these types of jurisdiction might have produced a void judgment. Appellant's assertion that the particular judge assigned to his case lacked judicial authority because he was not given an oath does not allege a jurisdictional error. Even if an additional oath should have been administered, the judgments rendered by Judge Yarbrough were not void but voidable. Voidable judgments may only be challenged on direct appeal. Any irregularity in Judge Yarbrough's appointment does not render his judicial actions void. See Demereaux v. State (1930), 35 Ohio App. 418, 422; Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128, 134.
 {¶ 18} Appellant has cited several cases from other states which he claims support his argument that Judge Yarbrough acted without judicial authority. However, we find these cases unpersuasive, either because they are factually dissimilar or because they interpret incongruent statutes. Moreover, none of these cases stand for the concept that the state can be liable in damages for an irregularity in the assignment or appointment of a judicial officer. Appellant's fifth assignment of error is overruled.
 {¶ 19} Because appellant's action against the Ohio Supreme Court rests upon his unsuccessful claim that Judge Yarbrough lacked judicial immunity, our disposition of his fifth assignment of error renders his other assignments of error moot.
 {¶ 20} Based upon the foregoing, appellant's first, second, third and fourth assignments of error are overruled as moot, appellant's fifth assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.