[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
{¶ 2} At about noon on January 4, 1999, Howard Faulk arrived at Schott Buick to retrieve his car, which had been towed there the day before. Schott Buick's service manager told Faulk to check the parking lot for the car. While Faulk was looking for his car in the parking lot, he slipped on a "spot of ice in a hole" and fell.
{¶ 3} Faulk and his wife filed a complaint for the injuries Faulk allegedly suffered in the fall. The defendants filed a motion for summary judgment, which the trial court granted. Faulk has appealed.
{¶ 4} The sole assignment of error alleges that the trial court erred in granting the defendants' motion for summary judgment.
{¶ 5} Summary judgment is appropriately granted where, with the evidence viewed in the light most favorable to the nonmoving party, the record demonstrates that no genuine issue of material fact remains to be litigated, and that the moving party is entitled to judgment as a matter of law. See Civ.R. 56(C).
{¶ 6} Owners and occupiers of premises do not have a duty regarding natural accumulations of ice and snow. See Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph three of the syllabus; Schlichter v. P.J.'s on the Square (Feb. 16, 2001), 1st Dist. No. C-000279. However, they do have a duty regarding unnatural accumulations. See id.; Davis v. The Timbers Owners' Assoc. (Jan. 21, 2000), 1st Dist. No. C-990409. An "unnatural accumulation" of ice and snow is caused by "factors other than the inclement weather conditions of low temperature, strong winds and drifting snow." Porter v. Miller
(1983), 13 Ohio App.3d 93, 468 N.E.2d 134; see Schlichter v. P.J.'s onthe Square, supra; Davis v. Timbers Owners' Assoc., supra. Liability may attach when an owner or occupier is actively negligent in permitting and/or creating a dangerous unnatural accumulation of ice and snow. SeeLopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 503 N.E.2d 154; Marshallv. Plainville IGA (1994), 98 Ohio App.3d 473, 648 N.E.2d 899. Where an owner or occupier knows or should know that ice and snow have created a condition substantially more dangerous to an invitee than he could reasonably anticipate, then the owner's failure to remove the ice and snow is negligent. See Miklua v. Tailors (1970), 24 Ohio St.2d 48,263 N.E.2d 316; Stinson v. Cleveland Clinic Foundation (1987),37 Ohio App.3d 146, 524 N.E.2d 898.
{¶ 7} Faulk stated in his deposition that the day he fell was a cold January day, and that there was snow and ice on the ground. It was light. Faulk claimed that he "slipped in a spot of ice in a hole," but he could not remember how big or how deep the hole was. When asked if he could give some idea of the size of the hole, Faulk put his arms out in front of him in a circle and stated, "Well, I guess, something like this. I don't remember." Faulk also stated that he could not remember how much ice was in the hole, but that he remembered that the ice was "up to the top of the hole."
{¶ 8} Faulk submitted the affidavit of engineering expert Bernard J. Krotchen. Krotchen inspected the parking lot on January 25, 2001, approximately two years after Faulk's fall. Krotchen confirmed by "meteorological records" that there was an accumulation of snow and ice on the day Faulk fell. Krotchen opined that the "design, construction and maintenance" of the parking lot allowed drainage to accumulate and freeze "at the rear of the building" where Faulk had fallen. Krotchen stated that the runoff became caught in "deteriorated surfaces" in the blacktop. Krotchen added that the "nature of the pot holes in the blacktop shows that they had grown progressively worse over a period of several years," exacerbating the "problem of ice accumulation."
{¶ 9} Following a review of the record, we hold that the trial court did not err in granting the defendants' motion for summary judgment. Faulk knew that ice and snow had accumulated on the ground. He claims to have slipped on ice in a hole, but he cannot describe the hole. Krotchen confirmed that ice and snow had accumulated on the day Faulk fell. Krotchen examined the parking lot more than two years after Faulk's fall, and, therefore, he could not offer any evidence as to the condition of the parking lot at the time Faulk fell. See Sterling v. ThePenn Traffic Co. (1998), 129 Ohio App.3d 809, 719 N.E.2d 82; Easley v.Meijer, Inc. (Mar. 31, 1997), 10th Dist No. 96APE07-878. In fact, Krotchen stated that the parking lot had grown progressively worse over the years. He could not provide any relevant evidence as to the condition of the surface of the lot when Faulk fell.
{¶ 10} Faulk cannot show that he slipped on anything other than a natural accumulation of ice and snow. To reach any other conclusion would require pure speculation. Therefore, the judgment of the trial court is affirmed.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.